NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50218 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-03046-CAB-1 |
| v. | |
| WILLIAM RICHARD BAILEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 1, 2017[**]
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[***] District Judge.

William Bailey was charged and convicted of eight counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 2004 through 2011 and sentenced to 41

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

months of incarceration (concurrently as to each count) and 3 years of supervised release. On appeal, Bailey contests the district court's denial of his discovery request seeking access to the IRS's "source code"[1] and "system documentation" used to calculate his 1998 tax liability. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's discovery and evidentiary rulings to determine if there were any abuses of discretion. *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (citing *United States v. Danielson,* 325 F.3d 1054, 1074 (9th Cir. 2003)) (discovery rulings); *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (citing *Mitchell*, 502 F.3d at 964) (evidentiary rulings). We review de novo whether Bailey was deprived of the Sixth Amendment right to make a defense. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

Under an abuse of discretion standard, we defer to the district court's rulings unless those findings are "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Moreover, we reverse a conviction for discovery violations only when "the error resulted in prejudice to substantial rights." *Mitchell*, 502 F.3d at 964 (quoting *United States v. Amlani*, 111 F.3d 705, 712 (9th

---

[1] "Source code" is a computer instruction that explains why a particular command is necessary to accomplish the desired objective. Bailey contended that he needed this information to prove that the IRS fraudulently manipulated its computer coding to fabricate his prior 1998 tax deficiency as a non-filer.

16-50218

Cir. 1997)). The scope of Bailey's entitlement to discovery is governed by Federal Rule of Criminal Procedure 16(E), which allows a defendant to inspect materials within the government's possession if the defendant can make a threshold showing that "(i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial …."

On a defense theory that his income was exempt from taxation because it flowed to him through a trust, Bailey did not pay taxes on his earnings in excess of $1,000,000 for the years 2004 through 2011. This same tax-avoidance theory had been rejected in a prior case by the Tax Court and this Court, holding Bailey civilly liable for taxes for the year 1998. *Bailey v. C.I.R.*, 330 F. App'x 677, 678 (9th Cir. 2009). In this appeal of his conviction relating to his 2004-2011 tax liability, Bailey challenges the denial of his request for production of the IRS's computer source code that had been used to compute his 1998 tax liability. Making unsubstantiated claims that the source code would demonstrate that the IRS fraudulently manipulated its own procedures to manufacture his 1998 tax liability, Bailey contended that evidence of the fraud related to his 1998 taxes would prove that he owed no taxes for the years 2004 through 2011.

The district court denied Bailey's discovery request on the following grounds: that the information he sought was irrelevant to the pending charges for tax evasion in 2004-2011; that his request constituted an improper attempt to attack

the 1998 Tax Court decision; and that the requested information would not be admissible evidence at trial because it was irrelevant, misleading, confusing, and a waste of the jury's time.

This denial of discovery by the district court was not an abuse of discretion. Whether Bailey owed taxes in 1998 was not an element of the 2004-2011 tax evasion charged in this case, and he ultimately was convicted based on those 2004-2011 tax returns, not on his failure to file a tax return in 1998. Proof that his 1998 tax liability was the product of fraud, assuming that could have been established, would have had nothing to do with his tax liability for the years 2004-2011.[2] The district court's denial of Bailey's discovery request and its exclusionary rulings at trial were therefore neither illogical nor implausible, and the findings were supported by the record. *See Hinkson*, 585 F.3d at 1263, 1267. The rulings did not deprive Bailey of his Fifth and Sixth Amendment rights to present a complete defense.

**AFFIRMED.**

---

[2] Bailey also contends that the district court's discovery ruling impeded his ability to advance a "*Devereaux* defense" that would have established that he was wrongly subjected to criminal charges based on fabricated evidence used to establish his 1998 tax liability. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). As noted above, evidence related to Bailey's 1998 tax liability is irrelevant to his 2004-2011 tax evasion charge and, thus, for this same reason, Bailey's *Deveraux* defense is unavailing.